IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 00566   -XXXX-MA
DIVISION:

FIRST AUTOMOTIVE SERVICE
CORPORATION, N.M., a corporation;
and FIRST AUTOMOTIVE INSURANCE
RISK RETENTION GROUP, INC.,
a corporation,

          Plaintiffs,

v.

FIRST COLONIAL INSURANCE
COMPANY, a corporation; and
NORTHBROOK INDEMNITY
COMPANY, a corporation,

          Defendants.
_____/

DIVISION CV-E

THIS INSTRUMENT IN COMPUTER C.S.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, First Automotive Service Corporation, N.M., a corporation ("FASC") and First Automotive Insurance Risk Retention Group, Inc., a corporation, ("FAIR), by and through their undersigned counsel, sue Defendants, First Colonial Insurance Company ("First Colonial"), a corporation, and Northbrook Indemnity Company ("Northbrook"), a corporation, and allege:

1.     This is an action seeking a declaratory judgment pursuant to §86.011, et seq., Fla. Stat.

2.     The amount in controversy exceeds the sum of $15,000, inclusive of interest and costs.

3. Plaintiff, FASC, is a corporation organized under the laws of the State of New Mexico that markets extended service contracts. FASC is an insured policyholder of FAIR.

4. Plaintiff, FAIR, is a corporation organized under the laws of Hawaii and is an insurer of FASC.

5. Non-party, Mechanical Breakdown Protection, Inc., ("MBPI") is a corporation organized under the law of Missouri and whose principal place of business is in Jackson County, Missouri, and is an insured under a policy of insurance issued by FASC. MBPI designs, administers and markets vehicle service contracts to automobile dealers, *inter alia*. Such contracts provide for extended warranty protection for motor vehicles.

6. Defendant, First Colonial Insurance Company, is a Florida corporation whose principal offices are located at 1776 American Heritage Life Drive, Jacksonville, Duval County, Florida and is licensed by the Florida Department of Insurance to issue certain insurance products, including reinsurance and/or insurance products to ceding insurance companies, such as Plaintiff, FAIR, and who also acts as agent for Defendant, Northbrook Indemnity Company.

7. Defendant, Northbrook Indemnity Company is a corporation whose Florida offices are located at 1776 American Heritage Life Drive, Jacksonville, Duval County, Florida and is licensed by the Florida Department of Insurance under Florida Company Code # 09370 and NAIC code # 36455 as a property and casualty insurance company to issue certain insurance products, including reinsurance and/or insurance products to ceding insurance companies, such as Plaintiff, FAIR.

8. Both Defendants are member companies of the Allstate Insurance Group of companies ("Allstate").

9. The MBPI vehicle service contracts, while insured by Plaintiffs, are also reinsured by Defendants as shown by the attached placement slips, Composite Exhibit "A".

10. Under said placement slips FAIR is the insurer and FASC is the insured. FASC is also the Obligor under the MBPI vehicle service contracts, which means that it obligates itself to satisfy valid claims after same are presented to it by MBPI as a result of claims investigation and processing.

11. When an MBPI service contract is sold to an automobile dealer or ultimate vehicle owner, the charge for the service contract includes (a) fees for FASC's obligations under the vehicle service contracts, as Obligor; and (b) FAIR's premium and/or fees, and, as well, re-insurance premiums and/or fees FAIR pays to Defendants for reinsurance.

12. Under the program as described above, a portion of the charge paid by an automobile dealer or ultimate vehicle owner also includes an amount of money allocated to a loss reserve maintained by Plaintiff FASC. The amount designated for such loss reserve is dependent on the year, model, make and other relevant information concerning the vehicle subject to the vehicle service agreement. Said reserve accounts were, and are, maintained in various banking institutions.

13. Under the program as described above, Defendants received from FAIR, as consideration for Defendants' reinsurance obligations as set forth in the placement slips (Composite Exhibit "A"), a premium sum of approximately $2 million over approximately four years.

14. As part of the program described above, Defendants audited, from time of time, the books and records of MBPI and FAIR as a result of Defendants' reinsurance liability under

the placement slips (Composite Exhibit "A").

15. Under the attached placement slips (Composite Exhibit "A"), the coverage in favor of FAIR attached when 100% (one hundred per cent) of all claim liabilities as presented by MBPI to FASC and FAIR exceeded the established MBPI loss reserves.

16. Allstate, on behalf of Defendants, announced to MBPI clients and agents and prospective clients and agents in a letter from its vice president, attached hereto as Exhibit "B", that it had entered into a reinsurance agreement with FAIR and FASC to reinsure the MBPI vehicle service contract program.

17. The loss reserves relating to the MBPI/FASC vehicle service contract program have been exhausted.

18. Accordingly, FAIR made a written demand for payment of its claim to Defendants. A copy of the claim is attached hereto as Exhibit "C" and now exceeds the sum of $10 million.

19. Although demanded, Defendants have failed and refused to honor their reinsurance obligations, and as a basis for such refusal, *inter alia*, have represented that the reinsurance obligations were retroceded back to FAIR, even though Defendant paid no premium back to FAIR, and have collected for themselves approximately $2 million in premiums paid by FAIR for the subject reinsurance.

20. A present, active and actual controversy exists between the parties including but not limited to the following:

    a. Whether the placement slips (Composite Exhibit "A") are valid, binding and enforceable;

4

b. What are the applicable reinsurance policy periods of said placement slips;

c. What is the time of attachment for the reinsurance coverage created by the placement slips and whether 100% of all claim liability above the exhausted MBPI established loss reserves has occurred; and

d. Whether Defendants should be required, forthwith, to reimburse and fund the loss reserve fund of Plaintiffs and continue to so fund until all the limits of coverage outlined in the placement slips of Defendants have been satisfied in full.

21. All conditions precedent to this action have occurred and/or have been waived.

22. Plaintiff has been required to retain the undersigned attorneys and pay them a reasonable fee for their services, and is entitled to recover these fees and taxable costs pursuant to §627.428, Fla. Stat.

WHEREFORE, plaintiff now seeks a declaratory judgment concerning Defendant(s) obligations under the attached placement slips, including, *inter alia*:

A. That the Court has jurisdiction of the subject matter and parties hereto;

B. That the placement slips are valid, binding and enforceable creating reinsurance coverage obligations on the part of Defendants;

C. That the reinsurance coverage in favor of FAIR attached at the point in time as alleged in paragraph 15, infra;

D. The amounts applicable to the re-insurance coverage; and

E. Such supplemental relief appropriate and necessary pursuant to §86.061, Fla. Stat.

Dated: June 20, 2007
       Jacksonville, Florida

COOPER, RIDGE & LANTINBERG, P.A.

_____
William G. Cooper, Esq.
Florida Bar No. 161233
George E. Ridge, Esq.
Florida Bar No. 226701
Tiffiny Douglas Safi, Esq.
Florida Bar No. 682101
136 East Bay Street
Suite 301
Jacksonville, Florida 32202
(904) 353-6555
(904) 353-7550 (facsimile)
wcooper@attorneyjax.com
gridge@attorneyjax.com
tsafi@attorneyjax.com

Attorneys for Plaintiffs

\Complaint CRB Revised.doc

FIRST AUTOMOTIVE INSURANCE RISK RETENTION GROUP, INC.
INSURANCE
PLACEMENT SLIP

| | |
|---|---|
| INSURER: | First Automotive Insurance Risk Retention Group, Inc. (FAIR) |
| INSURED: | First Automotive Service Corporation, NM (FASC) |
| REINSURANCE COMPANY: | Northbrook Indemnity Company, a member of the Allstate Group |
| COVERAGE: | All claim liability incurred by Mechanical Breakdown Protection, Inc. (MBPI) under FASC vehicle service contracts sold by MBPI |
| POLICY PERIOD: | April 23, 2001 to March 31, 2002, annually renewable thereafter |
| LIMITS OF COVERAGE: | Coverage per claim will be the lesser of the actual covered repair cost or the actual cash value of the vehicle at the time of the loss, total coverage per specific vehicle service contract will not exceed the lesser of $20,000.00 or the price paid for the vehicle by the original purchaser of the vehicle service contract |
| REINSURANCE: | 100% of all claim liabilities that exceed the established MBPI Loss Reserves |
| REPORTS AND PREMIUM REMITTANCE: | Net Premium shall be per the attached base reserve rate schedule remitted monthly no later than 25 days after the end of each month |

AUTHORIZED REPRESENTATIVE:

INSURER: *James J. Smith* 
First Automotive Insurance Risk Retention Group, Inc.

DATE: 5/9/01

REINSURER: *[signature]* 
Vice President, First Colonial Insurance Company as agent of Northbrook Indemnity Company

DATE: 5/9/01


EXHIBIT A

FIRST AUTOMOTIVE INSURANCE RISK RETENTION GROUP, INC.
INSURANCE
PLACEMENT SLIP

| | |
|---|---|
| INSURER: | First Automotive Insurance Risk Retention Group, Inc. (FAIR) |
| INSURED: | First Automotive Service Corporation, NM (FASC) |
| REINSURANCE COMPANY: | Northbrook Indemnity Company, a member of the Allstate Group |
| COVERAGE: | All claim liability incurred by Mechanical Breakdown Protection, Inc. (MBPI) under FASC vehicle service contracts sold by MBPI |
| POLICY PERIOD: | April 1, 2002 to March 31, 2003, annually renewable thereafter |
| LIMITS OF COVERAGE: | Coverage per claim will be the lesser of the actual covered repair cost or the actual cash value of the vehicle at the time of the loss, total coverage per specific vehicle service contract will not exceed the lesser of $20,000.00 or the price paid for the vehicle by the original purchaser of the vehicle service contract |
| REINSURANCE: | 100% of all claim liabilities that exceed the established MBPI Loss Reserves. |
| REPORTS AND PREMIUM REMITTANCE: | Net Premium shall be per the attached base reserve rate schedule remitted monthly no later than 25 days after the end of each month |

AUTHORIZED REPRESENTATIVE:

INSURER

*[signature: James Smith]*
First Automotive Insurance Risk Retention Group, Inc.

DATE:

REINSURER

*[signature]*
President, First Colonial Insurance Company as Manager for Northbrook Indemnity Company credit insurance

DATE:   April 1, 2002

## FIRST AUTOMOTIVE INSURANCE RISK RETENTION GROUP, INC.
### INSURANCE
### PLACEMENT SLIP

| | |
|---|---|
| INSURER: | First Automotive Insurance Risk Retention Group, Inc. (FAIR) |
| INSURED: | First Automotive Service Corporation, NM (FASC) |
| REINSURANCE COMPANY: | Northbrook Indemnity Company, a member of the Allstate Group |
| COVERAGE: | All claim liability incurred by Mechanical Breakdown Protection, Inc. (MBPI) under FASC vehicle service contracts sold by MBPI |
| POLICY PERIOD: | April 1, 2003 to March 31, 2004, annually renewable thereafter |
| LIMITS OF COVERAGE: | Coverage per claim will be the lesser of the actual covered repair cost or the actual cash value of the vehicle at the time of the loss, total coverage per specific vehicle service contract will not exceed the lesser of $20,000.00 or the price paid for the vehicle by the original purchaser of the vehicle service contract |
| REINSURANCE: | 100% of all claim liabilities that exceed the established MBPI Loss Reserves. |
| REPORTS AND PREMIUM REMITTANCE: | Net Premium shall be per the attached base reserve rate schedule remitted monthly no later than 25 days after the end of each month |

AUTHORIZED REPRESENTATIVE:

INSURER        _____ CFO/TREASURER
               First Automotive Insurance Risk Retention Group, Inc.

DATE:          4/22/03

REINSURER      _____
               President, First Colonial Insurance Company as Manager for Northbrook Indemnity Company credit insurance

DATE:          April 14, 2003

# FIRST AUTOMOTIVE INSURANCE RISK RETENTION GROUP, INC.
## INSURANCE PLACEMENT SLIP

| | |
|---|---|
| INSURER: | First Automotive Insurance Risk Retention Group, Inc. (FAIR) |
| INSURED: | First Automotive Service Corporation, NM (FASC) |
| REINSURANCE COMPANY: | Northbrook Indemnity Company, a member of the Allstate Group |
| COVERAGE: | All claim liability incurred by Mechanical Breakdown Protection, Inc. (MBPI) under FASC vehicle service contracts sold by MBPI |
| POLICY PERIOD: | April 1, 2004 to March 31, 2005, annually renewable thereafter |
| LIMITS OF COVERAGE: | Coverage per claim will be the lesser of the actual covered repair cost or the actual cash value of the vehicle at the time of the loss, total coverage per specific vehicle service contract will not exceed the lesser of $20,000.00 or the price paid for the vehicle by the original purchaser of the vehicle service contract. |
| REINSURANCE: | 100% of all claim liabilities that exceed the established MBPI Loss Reserves. |
| REPORTS AND PREMIUM REMITTANCE: | Net Premium shall be per the attached base reserve rate schedule remitted monthly no later than 25 days after the end of each month. |
| AUTHORIZED REPRESENTATIVE: INSURER: | _[signature]_, CFO/TREASURER  
First Automotive Insurance Risk Retention Group, Inc. |
| DATE: | _[signature]_ /2004 |
| REINSURER: | President, First Colonial Insurance Company as Manager for Northbrook Indemnity Company credit insurance |
| DATE: | 3/25/04 |



# Allstate.
## FINANCIAL

*Workplace Division*

To: **CLIENTS AND AGENTS AND PROSPECTIVE CLIENTS AND AGENTS**

RE: **FIRST AUTOMOTIVE AND MECHANICAL BREAKDOWN PROTECTION, INC. VEHICLE SERVICE CONTRACT PROGRAM**

Gentlemen:

We are pleased to inform you that Allstate Financial Workplace Division have entered into a Reinsurance Agreement with First Automotive Insurance Risk Retention Group, Inc. and First Automotive Service Corp. to reinsure the Mechanical Breakdown Protection, Inc. (MBPI) Vehicle Service Contract program.

This program is being administered by Mechanical Breakdown Protection, Inc. and insured through First Automotive. Allstate Financial has had a ten-year business relationship with the First Automotive affiliated companies.

Allstate Financial Workplace Division encompasses American Heritage Life Insurance Company, First Colonial Insurance Company and Northbrook Indemnity Company, specializing in credit-related products, programs, training and services for the Auto Dealer industry, as well as other creditor groups.

We look forward to a continued long and mutually beneficial relationship in this exciting new endeavor and especially to working with the clients of MBPI.

Sincerely,

Jac Kirkpatrick
Vice President
Allstate Financial
Workplace Division



EXHIBIT B

First Automotive Insurance Risk Retention Group
2400 Louisiana NE, Bldg 4
Albuquerque, NM 87110

April 3, 2007

Mr. Michael A. LaMonica, President
Northbrook Indemnity Company
3075 Sanders Road, Suite H1A
Northbrook, IL 60062-7127

RE: Northbrook Indemnity, Inc. reinsurance of the
Mechanical Breakdown Protection, Inc. (MBPI) insured
First Automotive Insurance Risk Retention Group, Inc. (FAIR) /
First Automotive Services Corporation (FASC)
Notice of Loss

Dear Mr. LaMonica:

Please find enclosed cedants notice of loss as of December 31, 2006 and request for payment relating to reinsurance provided by Northbrook Indemnity Company to FAIR, the ceding Insurer, and its Insured, FASC, as outlined in the enclosed placement slips whereby Northbrook Indemnity provides coverage for 100% of all claim liabilities that exceed the established MBPI Loss Reserves.

| Recoverable from Northbrook at 12/31/06 | | |
|---|---|---|
| Treaty Year | Reported Losses Recoverable | Ultimate Losses Recoverable |
| 2001/2 | $1,542,128 | $1,874,635 |
| 2002/3 | $2,581,551 | $4,473,367 |
| 2003/4 | $0 | $3,968,935 |
| 2004/5 | $0 | $1,670 |
|  | $4,123,679 | $10,318,608 |

The enclosed loss notice broken down by policy year shows reinsurance recoveries are due immediately on a reported basis and we are also providing notice of loss showing the ceding company's estimate of ultimate loss recoveries based on actuarial projections of losses.

Please accept this as our notification of claim under the attached Placement Slip(s) and remit funds immediately to our physical address:


EXHIBIT C

First Automotive Insurance Risk Retention Group<br>
2400 Louisiana NE, Bldg 4<br>
Albuquerque, NM 87110

Sincerely,

*[signature: James B. Smith]*

James B. Smith, President
First Automotive Insurance Risk Retention Group

C: Craig Watanabe, Hawaii Division of Insurance
   Michael T. Rogers
   Anton Wanderon
   Al Stein
   Robert Jester

Northbrook Indemnity Company
Reinsurance Notice of Loss cession statement
31-Dec-06

First Automotive Insurance Company/ First Automotive Service Corporation
Mechanical Breakdown Protection Inc Program

| Treaty Year | Treaty Year | Written Contracts | Total Net Reserves | Reported Losses | Ultimate Net Reserves | Gross Ultimate Losses | Reinsurance Attachment Point | Ultimate Losses Recoverable | Reported Losses Recoverable |
|---|---|---|---|---|---|---|---|---|---|
| 4/23/01-3/31/02 | 2001 | 13,431 | 6,327,713 | 7,869,370 | 6,327,242 | 8,201,877 | 100% | 1,874,635 | 1,542,128 |
| 4/1/02-3/31/03 | 2002 | 29,640 | 14,398,414 | 16,972,561 | 14,391,009 | 18,864,376 | 100% | 4,473,367 | 2,581,552 |
| 4/1/03-3/31/04 | 2003 | 34,162 | 18,463,991 | 16,523,390 | 18,400,965 | 22,369,900 | 100% | 3,968,935 | 0 |
| 4/1/04-3/31/05 | 2004 | 18,801 | 11,323,963 | 5,837,888 | 11,193,055 | 11,194,725 | 100% | 1,670 | 0 |
| Total | | 96,034 | $50,514,082 | $47,203,209 | $50,312,271 | $60,630,878 | | $10,318,607 | $4,123,679 |