**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA,**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| FIRST AUTOMOTIVE SERVICE CORPORATION, N.M., a corporation; and FIRST AUTOMOTIVE INSURANCE RISK RETENTION GROUP, INC., a corporation.<br><br><br>Plaintiffs,<br><br>vs.<br><br>FIRST COLONIAL INSURANCE COMPANY, a corporation; and NORTHBROOK INDEMNITY COMPANY, a corporation<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No. 3:07-CV-682-J-32TEM** |

**DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SUPPORTING MEMORANDUM**

Dated:   January 12, 2010

ROBERT T. HYDE, JR. (*Trial Counsel*)
Florida Bar. No.:  199990
bhyde@rtlaw.com
J. ELLSWORTH SUMMERS, JR.
Florida Bar No. 0015769
jes@rtlaw.com
**ROGERS TOWERS, P.A.**
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911. (904) 396-0663 (facsimile)

JOHN M. NONNA, *Pro Hac Vice*
jnonna@dl.com
SUMAN CHAKRABORTY, *Pro Hac Vice*
schakraborty@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
(212) 259-8000. (212) 259-8500 (facsimile)

RIK S. TOZZI, *Pro Hac Vice*
RTozzi@starneslaw.com
ANTHONY C. HARLOW, *Pro Hac Vice*
THarlow@starneslaw.com
**STARNES & ATCHISON LLP**
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6074. (205) 868-6099 (facsimile)
*Attorneys for Defendants Northbrook*
*Indemnity Co. and First Colonial Ins. Co.*

Defendants Northbrook Indemnity Company ("Northbrook") and First Colonial Insurance Company ("First Colonial") (collectively, the "Defendants"), through their undersigned counsel, hereby respectfully move for an award of sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11").

## INTRODUCTION

On November 20, 2009, Plaintiffs First Automotive Service Corporation ("FASC") and First Automotive Insurance Risk Retention Group ("FAIRR") (collectively, the "Plaintiffs") filed their Motion for Entry of an Order Remanding this Action and Setting Aside Orders Denying Remand and Compelling Arbitration, or Alternatively to Vacate Arbitration Awards ("Plaintiffs' Motions") seeking to undo two years of litigation in this Court and in arbitration proceedings before a duly constituted arbitration panel (the "Panel). The arbitration process included full document discovery, depositions, extensive briefings, and a week-long hearing with live testimony and argument by counsel.  At the conclusion of this full and fair process, Plaintiffs lost.  The Panel issued final awards rejecting all of Plaintiffs' claims on the merits (the "Final Award") and awarding Northbrook its attorneys' fees and certain costs (the "Fee Award').

With no valid basis for vacating the Final Award or the Fee Award under the Federal Arbitration Act, Plaintiffs elected to do precisely what the Eleventh Circuit has repeatedly told litigants not to do: impermissibly use this Court to avoid the arbitration result by filing frivolous and sanctionable motions.  The Eleventh Circuit warned future litigants in stark terms that it was "exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards." *B.L. Harbert*

*Int'l v. Hercules Steel Co.*, 441 F.3d 905, 913 (11th Cir. 2006).  The Eleventh Circuit's

warning was clear:

> When a party who loses an arbitration award assumes a never-say-die attitude
> and drags the dispute through the court system without an objectively
> reasonable belief it will prevail, the promise of arbitration is broken.
> Arbitration's allure is dependent upon the arbitrator being the last decision
> maker in all but the most unusual cases. The more cases there are, like this
> one, in which the arbitrator is only the first stop along the way, the less
> arbitration there will be. If arbitration is to be a meaningful alternative to
> litigation, the parties must be able to trust that the arbitrator's decision will be
> honored sooner instead of later.
>
> Courts cannot prevent parties from trying to convert arbitration losses into
> court victories, but it may be that we can and should insist that if a party on
> the short end of an arbitration award attacks that award in court without any
> real legal basis for doing so, that party should pay sanctions.

*B.L. Harbert*, 441 F.3d at 913.

Northbrook and First Colonial respectfully submit that Plaintiffs have violated the

Eleventh Circuit's admonition.  Not only have the Plaintiffs filed a motion to vacate the

arbitration awards that is bereft of any supporting facts or law, they compounded the frivolity

of their motion by also seeking to vacate pre-arbitration orders of this Court using legal

theories that are unsupported by case law.  Their "never-say-die attitude" is the type of

conduct that the Eleventh Circuit warned litigants not to pursue.  By ignoring those warnings,

Plaintiffs have invited Rule 11 sanctions and the Court should impose them.

## MEMORANDUM OF LAW

### I.   RULE 11 STANDARDS

The purpose of Rule 11 is to deter baseless filings.  By presenting to the Court a

motion, an attorney certifies that, to the best of the person's knowledge, information and

belief, formed after reasonable inquiry:

1. [the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law;

3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; …

Fed. R. Civ. P. 11(b); *Byrne v. Nezhat,* 261 F.3d 1075, 1105 (11th Cir. 2001) (in filing a

pleading in federal court, "an attorney certifies that he or she has conducted a reasonable

inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented

for any improper purpose")(internal quotation omitted).  If the assertions are determined not

to be well-grounded in fact or in law, Rule 11 is violated and the Court shall impose upon the

person who signed it, a represented party, or both, an appropriate sanction in an amount

sufficient to deter future violations.  *See* Fed. R. Civ. P. 11(c)(2); *Worldwide Primates, Inc. v.

McGreal*, 26 F.3d 1089, 1093 (11th Cir. 1994).  The rule imposes the duty of inquiry on the

attorney as well as the client.  *See Business Guides, Inc. v. Chromatic Commc'ns  Enters.,

Inc.*, 498 U.S. 533, 548 (1991).  "[A] court is authorized to issue Rule 11 sanctions against a

party even though the party is neither an attorney nor the signor of the pleadings."

*Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1375 n.21 (S.D. Fla. 2005);

*Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991).   A client is subject to sanctions

when it is apparent that he or she is involved in the management of litigation and the

decisions that resulted in a violation of Rule 11.  *Allapattah*, 372 F. Supp. 2d at 1376.

Rule 11 sanctions are appropriate when a party files an action that: "(1) has no

reasonable factual basis; (2) has no reasonable chance of success based on the legal theory

used, or that cannot be advanced as a reasonable basis to change existing law; or (3) is filed

in bad faith for an improper purpose."  *Williams v. Carney*, 266 Fed. Appx. 897, 898 (11th

Cir. 2008).   In determining whether sanctions should be imposed for violations of Rule 11,

the test is an "objective standard of reasonableness under the circumstances…."  *Aetna Ins.

Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992) (internal citation and quotation

omitted).   The court utilizes a two-part inquiry to determine: "(1) whether the party's claims

are objectively frivolous; and (2) whether the person who signed the pleadings should have

been aware that they were frivolous."  *Allapattah*, 372 F. Supp. 2d at 1372; *see also Carney*,

266 Fed. Appx. at 898.

Here, Plaintiffs' Motions are replete with unfounded accusations of fraud and

misrepresentation by Northbrook and First Colonial, but lack any factual or legal support.

Their motions have all three of the characteristics that courts have found to be sanctionable

under Rule 11:  (1) they have no reasonable factual basis; or (2) they have no reasonable

chance of success based on the legal theory used, or that cannot be advanced as a reasonable

basis to change existing law; or (3) they are filed in bad faith or for an improper purpose. *See

Carney*, 266 Fed. Appx. at 898.  Based on the facts and law set forth below, Plaintiffs'

Motions are objectively frivolous and Plaintiffs' counsel should have been aware that they were frivolous.

## II.   PLAINTIFFS' MOTIONS TO VACATE THE COURT'S ORDERS HAVE NO REASONABLE FACTUAL BASIS

Plaintiffs' Motions are based on two assertions: (1) that "First Colonials' actual role [as Northbrook's reinsurer] was revealed for the first time" during the November 2007 discovery in connection with the First Remand Motion (Pl. Mot. at 6); and (2) that it was only during the arbitration testimony of Jac Kirkpatrick on August 13, 2009 that Plaintiffs first learned that First Colonial was a 100% reinsurer of Northbrook (Pl. Mot. at 9).  Both are demonstrably untrue based on the papers before the Court.  Because Northbrook and First Colonial have previously filed a memorandum of law in opposition to Plaintiffs' Motions (the "Opposition"), the arguments set forth in that opposition are incorporated by reference herein and not repeated in detail.  *See* Doc. No. 47 at pp. 4-10.

In summary, the evidence before the Court demonstrates that while Plaintiffs now claim that they were not aware of First Colonial's role as a reinsurer until November 2007, that claim is contradicted by their own original remand papers filed in August 2007.  In those papers, Plaintiffs attached as "Exhibit A" a Joint Marketing Agreement that disclosed that a signatory to the agreement was "appointed to represent Northbrook Indemnity Company through it [*sic*] reinsurer, First Colonial Insurance Company."  *See* Doc. No. 14-2.  Either Plaintiffs were negligent in failing to read their own exhibit (and thus failing to conduct a reasonable factual inquiry), or they are deliberately misrepresenting the true facts to this Court.

In addition, while Plaintiffs now claim that they only learned that First Colonial was a 100% reinsurer of Northbrook during the arbitration testimony of Jac Kirkpatrick on August 13, 2009, that statement is contradicted by extensive deposition and hearing testimony.  It is undisputed that:

1. On November 17, 2007, Northbrook's corporate representative, Terry Kelaher, testified that the Northbrook business was "dollar for dollar" (*i.e.* 100%) reinsured by First Colonial. *See* Doc. No. 46-2, Pl. Mot. Exhibit B at 39:5-17;

2. On November 17, 2007, Plaintiffs' counsel introduced as an exhibit at Mr. Kelaher's deposition a document which stated that "by Reinsurance Agreement of even date herewith, [Northbrook] cedes to and reinsures with [First Colonial]" all of the contractual liability policy business at issue in this dispute.  *See* Doc. No. 47 at Exhibit C;

3. On November 19, First Colonial's corporate representative, Tony Wanderon, testified that First Colonial assumed the Northbrook risk through a reinsurance agreement.  *See* Doc. No. 46-2, Pl. Mot. Exhibit A at 47:3-20;

4. On June 5, 2009, Mr. Kirkpatrick (whose August 13, 2009 hearing testimony Plaintiffs now allege constituted the first disclosure of First Colonial's 100% reinsurance of Northbrook) testified during his deposition that that the business written on Northbrook paper was in turn "reinsured directly <u>100 percent</u> to First Colonial." *See* Doc. No. 46-4, Pl. Mot. Ex. C at p.10:9-20 (emphasis added);

5.   On June 23, 2009, Northbrook's witness Jackie Banks testified during her deposition that "Northbrook would write the business and then cede <u>100 percent</u> of all of that business it wrote to First Colonial." *See* Doc. No. 46-4, Pl. Mot. Ex. E at p. 33:8-17 (emphasis added);

6.   On August 10, 2009, three days before Mr. Kirkpatrick's hearing testimony, Plaintiffs' counsel presented opening argument in which he stated that "Northbrook, who is the party to this case, ceded every dollar, dollar for dollar, to First Colonial" and that the cession occurred "through a reinsurance treaty between Northbrook and First Colonial." *See* Doc. No. 46-7, Pl. Mot. Exhibit F, Volume 1, at p. 16, 19; and

7.   On August 12, 2009, the day before Mr. Kirkpatrick's hearing testimony, Plaintiffs' witness Michael Rogers testified under questioning by Plaintiffs' counsel that he was aware that "Northbrook had ceded 100 percent of the risk to First Colonial." *See* Doc. No. 46-7, Exhibit F, Volume 2, at p.703.

Each of these disclosures were made before August 13, 2009, the day Plaintiffs now argue to this Court was when they first learned that First Colonial was a 100% reinsurer of Northbrook.  (Pl. Mot. at 9).   Moreover, counsel who signed Plaintiffs' Motions subject to this Rule 11 motion (1) took each of the depositions cited above, (2) questioned the hearing witnesses cited above, and (3) gave the opening statement described above.

In filing a pleading in federal court, "an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact..." *Byrne*, 261 F.3d  at 1105.  Rule 11 sanctions are permitted when litigants show "deliberate indifference to

obvious facts..."  *Koly v. Enney*, 269 Fed. Appx. 861, 864 (11th Cir. 2008), quoting *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998).  Given the repeated disclosures of First Colonial's 100% reinsurance of Northbrook prior to August 13, 2009, Plaintiffs and their counsel are showing a deliberate indifference to obvious facts by affirming to this Court that such reinsurance was not known to them until the arbitration hearing.  Such behavior standing alone warrants Rule 11 sanctions.

**III.    PLAINTIFFS' MOTION TO VACATE THE ORDER DENYING REMAND HAS NO REASONABLE CHANCE OF SUCCESS AND CANNOT BE ADVANCED AS A REASONABLE BASIS TO CHANGE EXISTING LAW**

On March 25, 2008, the Court issued an order denying Plaintiffs' original remand motion.  *See* Doc. No. 36 (the "Order Denying Remand").  Plaintiffs now seek to vacate that order based on the alleged non-disclosure of the First Colonial-Northbrook reinsurance relationship.  Given the repeated pre-August 13, 2009 disclosures listed above, the current motion to vacate has no factual support.  Moreover, even if Plaintiffs' factual allegations were true, the motion has no reasonable chance of success based on well-established case law.  A motion to vacate based on fraud or misrepresentation of an opposing party is properly made under Rule 60(b)(3) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 60(b)(3).  However, the time to make a 60(b)(3) motion has expired because such a motion must be made "no more than a year after the entry of the judgment or order…" (in the case of the Order Denying Remand, no later than March 25, 2009).  Fed. R. Civ. P. 60(c)(1).  Undeterred by the time limits for a motion to vacate under Rule 60(b)(3), Plaintiffs argue that the Order Denying Remand can be vacated under Rule 60(b)(4) for lack of subject matter jurisdiction.  *See* Pl. Mot. at pp. 16-19.  They argue, without citing to any case law, that the

Court lacked subject matter jurisdiction because "no diversity jurisdiction existed in the first instance" if First Colonial was in fact a proper party.  Pl. Mot. at 16.

As set forth in Defendants' opposition to Plaintiffs' Motion, this Court <u>always</u> had subject matter jurisdiction under 28 U.S.C. 1332(a) because the parties were in complete diversity regardless of whether First Colonial was a party to the action or not.  *See* Doc. No. 47 at pp. 12-13.  As the Court noted in its Order Denying Remand, Plaintiff FASC is a New Mexico corporation and Plaintiff FAIRR is a Hawaii corporation.  *See* Order Denying Remand at 1-2.  Defendant Northbrook, is an Illinois corporation and Defendant First Colonial is a Florida corporation.  *See* Order Denying Remand at 3.  The Court found instead that removal to federal court was proper because First Colonial a citizen of Florida, had been fraudulently joined to defeat removal under 28 U.S.C. § 1441(b), the so-called "forum-defendant rule."  *See* Order Denying Remand at 15.

Plaintiffs could only meet its obligation of filing a pleading that was not objectively frivolous by establishing that if First Colonial was indeed properly joined, (i) the presence of a home-state defendant retroactively destroys subject matter jurisdiction even in the face of complete diversity, and (ii) that Rule 60(b)(4) could be used to vacate the Court's prior orders.  This is not the law.  The "overwhelming weight of authority" is that Section 1441(b) is "non-jurisdictional." *Hurley v. Motor Coach Indus.*, 222 F.3d 377, 379 (7th Cir. Ill. 2000) (citing to holdings by the 1st, 2d, 3d, 5th, 6th, 8th, and 11th Circuit Courts of Appeal); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1258 (11th Cir. 1999) (finding that a removal in violation of § 1441(b) is procedural and subject to waiver).  Section 1441(b) is therefore "a

waivable procedural requirement - not a jurisdictional necessity." *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1267 (M.D. Fla. 2009).

Notably, Plaintiffs do not cite to a single case for the proposition that the court lacked subject matter jurisdiction, or that Rule 60(b)(4) should be applied under these circumstances.  Absent any such case law, Plaintiffs cannot plausibly argue that they believed that their motion to vacate the Order Denying Remand had a reasonable chance of success given the overwhelming weight of authority to the contrary.  Moreover, their failure to cite any case law also obviates any claim that they were advancing a legal argument that could be advanced as a reasonable basis for changing existing law.

Other federal courts have held that Rule 60(b) motions which lack a reasonable chance of success merit sanctions. In *Martin v. Keycorp*, 50 Fed. Appx. 56, 56-57 (2d Cir. 2002), the Second Circuit upheld the imposition of Rule 11 sanctions for a Rule 60(b) motion that was brought without any legal support and without presenting any new or overlooked facts. The court found that the moving party "failed to indicate any controlling decisions or data overlooked by the court that could reasonably be expected to alter its decision." *Id*. Without such support, the court found the 60(b) motion to be "complete[ly] meritless" and deserving of Rule 11 sanctions. *Id*.  Plaintiffs' claim that they can rely on Rule 60(b)(4) to challenge the Order Denying Remand is not "warranted by existing law" and deserves Rule 11 sanctions.  Fed. R. Civ. P. 11(b)(2).

**IV.    PLAINTIFFS' MOTION TO VACATE THE ORDER COMPELLING ARBITRATION HAS NO REASONABLE CHANCE OF SUCCESS AND CANNOT BE ADVANCED AS A REASONABLE BASIS TO CHANGE EXISTING LAW**

Plaintiffs next seek to have the Court set aside an order compelling arbitration between Northbrook, FASC and FAIRR, entered in the companion case, Case No. 3:07-CV-683-J-32JRK. (the "Arbitration Order").   Defendants respectfully incorporate by reference the arguments in their opposition to Plaintiffs' Motions which set forth the bases for why Plaintiffs' motion to vacate the Arbitration Order is frivolous.  *See* Doc. No. 47 at pp. 14-15. In short, Defendants noted that:

1.    The Arbitration Order was not issued in this case, but in a separate (albeit related) case, No. 3:07-CV-683-J-32JRK   It is therefore improper for Plaintiffs to move this Court in this case to vacate an order entered by the Court in a separate action.

2.    There can be no question that the Court had subject matter jurisdiction in Case No. 3:07-CV-683-J-32JRK since First Colonial was never a party to that action. As such, Plaintiffs cannot properly argue that Rule 60(b)(4) applies;

3.    Because the Court issued a final Order and Judgment in a civil case on January 6, 2009 (Doc. No. 51, Case No. 3:07-CV-683-J-32JRK), Plaintiffs had thirty (30) days under the Federal Rules of Appellate Procedure to appeal the final judgment.  Fed. R. App. P. 4(a)(1)(A).  Plaintiffs never filed an appeal.  It is well-settled that "[a] party may not use Rule 60 as a substitute for a timely and proper appeal."  *Harris v. Corr. Corp. of Am.*, 332 Fed. Appx. 593, 594 (11th Cir. 2009).

Given the numerous bases on which the motion to vacate the Arbitration Order is improper, Plaintiffs cannot plausibly argue that they believed that their motion had a reasonable chance of success.

### IV.   PLAINTIFFS' MOTION TO VACATE THE ARBITRATION AWARDS HAS NO REASONABLE CHANCE OF SUCCESS

As noted above, the Eleventh Circuit has repeatedly warned litigants that frivolous challenges to arbitration awards are subject to Rule 11 sanctions. *B.L. Harbert,* 441 F.3d at 913.  The *B.L. Harbert* Court recognized that "[if] arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later."  *Id*.  *B.L. Harbert* not only warns potential litigants, "it directs the district courts to forcefully implement the goals of the [Federal Arbitration Act] by making parties understand they should adhere to the exacting standards for judicial review or face consequences."  *SII Invs., Inc. v. Jenks*, No. 8:05-CV-2148-T-23MAP, 2006 U.S. Dist. LEXIS 51753 at *18 (M.D. Fla. July 27, 2006) (citing *B.L. Harbert* in support of confirming arbitration award and awarding Rule 11 sanctions against party that filed frivolous motion to vacate).

Defendants respectfully incorporate by reference the arguments in their opposition to Plaintiffs' Motions which set forth the reasons for why the motion to vacate the Final Award and the Fee Award is frivolous.  *See* Doc. No. 47 at pp. 15-20.  Plaintiffs devote barely more than a single page to their motion to vacate the Final Award, which determined the merits of the dispute**.**  (Pl. Mot. at 21-22).  In that page, Plaintiffs, with little case law and virtually no substantive argument, utilize the "kitchen sink" approach merely to list every possible reason for vacating the Final Award.  As demonstrated in Defendants' opposition, none of those

bases are supported by any facts or law and are objectively frivolous and have no reasonable chance of success.  Plaintiffs' only argument for why the Final Award should be vacated is that they lost the arbitration.

Plaintiffs' motion to vacate the Fee Award, which awarded Northbrook its attorneys' fees and certain costs, is equally frivolous.  As Defendants have previously argued, under Florida law, parties to an arbitration "expressly waive their right to insist that only a court decide the issue of attorney's fees" by placing the issue before the arbitration panel.  *Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So. 2d 143, 149 (Fla. 1st D.C.A. 2000).  In *Kostoff v. Fleet Secs.*, 506 F. Supp. 2d 1150 (M.D. Fla. 2007), the Court held that a party waived the right to insist that a court decide attorney's fees issue when "(1) both parties agreed to submit to arbitration all the claims raised in the statement of claim, which included a claim for attorney's fees, (2) neither party reserved the right to a judicial determination of fees, and (3) the parties actively litigated the issue of entitlement to attorney's fees before the panel…"  506 F. Supp. 2d at 1160.  Each of these three factors is present here.  First, both parties agreed to submit to the Panel the question of attorneys' fees and Plaintiffs did not expressly reserve the right to a judicial determination of fees.  This is evidenced by the undisputed fact that Plaintiffs themselves asked the Panel to award them attorneys' fees in their initial Demand for Arbitration and Claim.  (Doc. No. 47 at Exhibit D, Demand for Arbitration and Claim at 7).  That request was repeated in Plaintiffs' Arbitration Brief, wherein Plaintiffs requested an Award finding that "FASC and FAIRR are entitled to attorneys' fees, costs and expenses in prosecuting this matter both in litigation and arbitration."  Doc No. 47, Exhibit E, Claimants' Arbitration Brief at 21.  Moreover, the

parties actively litigated the issue of entitlement to attorneys' fees before the Panel.  The issue

was addressed in each of the parties' briefs and was also addressed and litigated by Plaintiffs

counsel during his closing argument.  *See* Doc. No. 46-8, Pl. Mot. Exhibit E (Part 2), Vol. 5

at pp.1063-1064).

Plaintiffs motion to vacate the Fee Award is all the more frivolous and objectively

unreasonable given the fact that Plaintiffs voluntarily submitted to the Panel the issue of the

Panel's authority to award fees and raised the very same arguments they now seek to have the

Court decide again.  *See* Exhibit F, Objections to Respondent Northbrook's Application for

Attorneys' Fees.  Having had their arguments rejected by the Panel already, Plaintiffs

submitted the exact same arguments to this Court in order to have a second bite at arguing

the Fee Award.

## V.     PLAINTIFFS' MOTIONS WERE FILED IN BAD FAITH AND FOR IMPROPER PURPOSES

Plaintiffs' Motions rest entirely upon unsupported accusations of fraudulent conduct

by Northbrook.  Plaintiffs' sole basis for arguing that the Order Denying Remand and the

Arbitration Order should be vacated is its allegation that Northbrook was not truthful in

alleging the facts in its Complaint and Motion to Compel Arbitration.  (Pl. Mot. at 17).   As

described above, it was obvious to Plaintiffs and their counsel that the reinsurance

relationship between Northbrook and First Colonial was repeatedly and fully disclosed.

Despite these disclosures, Plaintiffs level the serious charge of fraud and misrepresentation

against the Defendants.  They repeatedly refer to "procedural maneuvers employed by

[Northbrook]... to keep the responsible party, First Colonial, out of this action" and to

"tactics," "clearly calculated" actions, and "procedural gamesmanship." (Pl. Mot. at 2).

Such reckless accusations when wholly unsubstantiated by facts warrant sanctions.  *See Williams v. Fla. Health Sciences Center*, 2007 U.S. Dist. LEXIS 13006, at *8 (M.D. Fla. Feb. 26, 2007) (awarding Rule 11 sanctions where plaintiff accused defendant and its counsel of fraud).  The unsubstantiated and offensive allegations of fraud propagated by Plaintiffs in the instant action constitute bad faith.

Moreover, Plaintiffs are improperly seeking to evade the strict bases for vacating arbitration awards under the Federal Arbitration Act by filing frivolous motions to vacate prior orders of this Court denying remand and compelling arbitration.  Plaintiffs concede as much in their Opposition to Northbrook's Motion to Confirm Awards, wherein they requested that "…the Court first take up the jurisdictional issue presented in [Plaintiffs' Motions].  If jurisdiction is found to be improperly laid in the first instance, such negates the necessity of dealing with the confirmation or vacation issues raised by Northbrook."  *See* Doc. No. 50 at ¶ 4.  Plaintiffs' statements are tantamount to a concession that the only reason they have advanced their unfounded jurisdictional arguments is to avoid "the necessity of dealing with the confirmation" of the arbitration awards.  This is precisely the type of post-arbitration challenges that the Eleventh Circuit has admonished litigants not to engage in, warning them that "if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions."  *B.L. Harbert Int'l.,*441 F.3d at 913.

Plaintiffs first filed their action on June 20, 2007 in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County.  Since then, this dispute has moved to federal court, arbitration, and back to federal court.  Now, Plaintiffs seek yet another chance to

litigate their claims in state courts, going back to square one, and negating two-and-a-half years of litigation, expenses and time.  They advance their arguments in the form of serious accusations of fraud and misrepresentation without any effort at presenting factual or legal bases for such accusations.  Their behavior is a perfect example of litigation that has been filed for an improper purpose such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(2).  Having ignored the requirements of Rule 11, Plaintiffs and their counsel should be sanctioned.

**VI.     DEFENDANTS SHOULD BE AWARDED THEIR ATTORNEYS' FEES AND COSTS**

When imposing sanctions pursuant to Rule 11, the type of sanction to be imposed lies within the district court's discretion.  *Fla. Health Sciences*, 2007 U.S. Dist. LEXIS 13006 at *9.  "An appropriate sanction may include an order to pay the opposing party or parties the amount of reasonable expenses, including attorneys' fees incurred in responding to the motion, pleading, or paper."  *Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc.*, 164 F.R.D. 694, 700 (M.D. Fla. 1996).  Rule 11 also permits sanctioning in the form of nonmonetary directives or an order to pay a penalty to the Court.  Fed. R. Civ. P. 11(c)(4).

In responding to Plaintiffs' Motions, Defendants have incurred significant expenses, including the fees of its Florida trial counsel, of its litigation counsel who originally filed the removal papers before this Court, and of its arbitration counsel who tried the dispute before the Panel.  Consequently, an award of attorneys' fees is warranted to compensate the Defendants for the cost of this needless and frivolous litigation.  Moreover, as Plaintiffs noted in their Opposition to Northbrook's Motion to Confirm Awards (*see* ¶ 3), there are other pending arbitrations between the principals or affiliates of each party.  Sanctions in the

form of attorneys' fees are warranted here in order to fulfill Rule 11's purpose of "effective deterrence." *Massengale v. Ray*, 267 F.3d 1298, 1301-1302 (11th Cir. 2001); Fed. R. Civ. P. 11(c)(4).  Given the other pending arbitrations between the parties' affiliates, arbitrations in which the same counsel are present, an award of sanctions will deter future efforts by the Plaintiffs, their affiliates or their counsel to improperly use this Court to avoid the arbitration process.

## CERTIFICATE OF CONFERENCE WITH OPPOSING COUNSEL

Counsel for Defendants Northbrook and First Colonial certifies that he has conferred with counsel for Plaintiffs and made a good faith effort to discuss the possibility of settling the pending motion. As of the filing of this memorandum, the parties have been unable to resolve the issues raised by the pending motion.  Pursuant to Rule 11(c)(1)(A), Defendants served this Motion and supporting Memorandum on Plaintiffs' counsel by hand on December 18, 2009, without filing the Motion and Memorandum with the Court.  Plaintiffs have not withdrawn or appropriately corrected their filing within twenty-one (21) days.  *See* Fed. R. Civ. P. 11(c)(1)(A).

## CONCLUSION

For all the foregoing reasons, the Court should enter an Order: (1) directing payment to Northbrook and First Colonial of all its reasonable attorneys' fees and expenses incurred as a direct result of Plaintiffs' violation of Rule 11, including the preparation of this Motion, and (2) granting such other relief as the Court may deem just and proper.

Dated: January 12, 2010

/s/   Suman Chakraborty_____

JOHN M. NONNA, *Pro Hac Vice*
SUMAN CHAKRABORTY, *Pro Hac Vice*
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
(212) 259-8000, (212) 259-8500 (facsimile)
jnonna@dl.com
schakraborty@dl.com

ROBERT T. HYDE, JR. (*Trial Counsel*)
Florida Bar No.:  199990
J. ELLSWORTH SUMMERS, JR.
Florida Bar No. 0015769
**ROGERS TOWERS, P.A.**
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911, (904) 396-0663 (facsimile)
bhyde@rtlaw.com
jes@rtlaw.com

RIK S. TOZZI, *Pro Hac Vice*
ANTHONY C. HARLOW, *Pro Hac Vice*
**STARNES & ATCHISON LLP**
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
(205) 868-6074, (205) 868-6099 (facsimile)
RTozzi@starneslaw.com
THarlow@starneslaw.com

*Attorneys for Defendants First Colonial
Indemnity and Northbrook Indemnity Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2010, the foregoing motion and memorandum of law were electronically filed with the Clerk of the Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List.  There are no manual recipients listed with the Court.

Electronic Mail Notice List

William G. Cooper, Esq.
George E. Ridge, Esq.
Tiffiny Douglas Safi, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202
wcooper@attorneyjax.com
gridge@attorneyjax.com
tsafi@attorneyjax.com

_____/s/  Suman Chakraborty_____
Attorney