**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FIRST AUTOMOTIVE SERVICE
CORPORATION, N.M., etc., et al.,

      Plaintiffs,

vs.                                          Case No. 3:07-cv-682-J-32TEM

FIRST COLONIAL INSURANCE COMPANY,
etc., et al.,

      Defendants.

## **ORDER**

This case is before the Court on plaintiffs' Motion For Entry Of An Order Remanding This Action And Setting Aside Orders Denying Remand And Compelling Arbitration, Or Alternatively, Motion To Vacate Arbitration Awards (Doc. 46); Defendant Northbrook Indemnity Company's Motion To Confirm Arbitration Awards (Doc. 48); Defendants' Motion For Sanctions Under Rule 11 Of The Federal Rules Of Civil Procedure (Doc. 51); and Defendants' Motion For Expedited Consideration Of Pending Motions (Doc. 53); and the responses. (Docs. 47, 50, 52, 54, 57, 60.)

**I.**     **Motion to Vacate Orders Denying Remand and Compelling Arbitration**

Having lost the arbitration, plaintiffs First Automotive Insurance Risk Retention Group, Inc. ("FAIRR") and First Automotive Service Corporation, N.M. ("FASC") attack the Court's orders denying remand (Doc. 36) and compelling arbitration (Doc. 38), contending that because co-defendant First Colonial Insurance Company ("First Colonial"), a Florida

corporation, is an indispensable party, the case was improperly removed, 28 U.S.C. § 1441(b), and the Court was without subject matter jurisdiction to enter the subsequent order to compel arbitration.[1]

Following plaintiffs' original motion to remand in August 2007 (Doc. 14), the Court on October 3, 2007 granted plaintiffs' motion to take jurisdictional discovery on the remand issue. (Doc. 25.) On March 25, 2008, the Court dismissed First Colonial as fraudulently joined and denied FAIRR and FASC's motion to remand. (Doc. 36.) In doing so, the Court noted that neither party had submitted any additional evidence in support or opposition to the motion to remand. (Id. at 14.) Plaintiffs now contend that they have since learned that First Colonial reinsures defendant Northbrook Indemnity Company ("Northbrook") 100 percent on the matters in issue making it a "true party in interest" and "indispensable party," and that Northbrook fraudulently concealed and misrepresented this fact. (Doc. 46 at 3-19.)

The Court finds that Northbrook did not conceal First Colonial's reinsurance relationship with Northbrook from plaintiffs. Indeed, the reinsurance agreement was discussed by First Colonial and Northbrook corporate officers during jurisdictional discovery depositions conducted November 19, 2007. (Docs. 46-1 at 9-11, 13; 46-2 at 11; see also Doc. 14-1 at 1.) Second, First Colonial's position as reinsurer of Northbrook does not make it an indispensable party inasmuch as First Colonial as Northbrook's reinsurer has no liability

---

[1] The Court presumes that plaintiffs FAIRR and FASC are proceeding under Fed. R. Civ. P. 60(b)(4), contending that the orders are void for lack of subject matter jurisdiction, which may be brought more than one year after entry of the orders. The time has passed for bringing a motion to reconsider the orders denying remand and compelling arbitration based upon alleged fraud. Fed. R. Civ. P. 60(b)(3) and (c)(1).

to Northbrook's insured, FAIRR.  E.g. Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 408 (1929)("[r]einsurance involves no transaction or privity between the reinsurer and those originally assured"); Banco Ficohsa v. Aseguradora Hondurena, S.A., 937 So.2d 161 (Fla. 3d DCA 2006)(contract of reinsurance in the absence of provisions to the contrary "operates solely as between the reinsurer and the reinsured . . . [i]t creates no privity between the original insured and the reinsurer. . . .  The reinsurer has no contractual obligation with the original insured and is not liable to [it]." (citations omitted)).  Plaintiffs' motion to set aside the orders denying remand and compelling arbitration[2] for lack of subject matter jurisdiction is due to be denied.

## II. Confirming Arbitration Award[3]

"Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act."  B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006)(citing 9 U.S.C. §§ 10-11), reversed on other grounds, Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313 (11th Cir. 2010).  "The FAA presumes the confirmation of arbitration awards, . . . [citations omitted], and federal courts should defer to an arbitrator's decision

---

[2]  Plaintiffs fail to explain why the Court in companion case Northbrook Indemnity Co. v. First Automotive Service Corp., No. 3:07-cv-683-J-32JRK, brought by Northbrook against FAIRR was without jurisdiction to compel arbitration.  Plaintiffs never sought to join First Colonial in that case as an indispensable party and do not here argue that it should have been joined.

[3]  Plaintiffs' claims arbitrated were those raised in their complaint filed in this case. (Doc. 2.)  The Order compelling arbitration of these claims, though entered in companion case, Northbrook Indemnity Co. v. First Automotive Service Corp., No. 3:07-cv-683-J-32JRK in which the parties litigated whether the dispute in this case should be arbitrated but did not raise the substantive underlying issues of the case, was also docketed in this case. (Doc. 38.)

3

whenever possible." Id.; see also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 999 (11th Cir. 2007)(citation omitted). The statutory bases for vacating an award are 1) where the award was procured by corruption, fraud or undue means; 2) where there was evident partiality or corruption in the arbitrators; 3) where the arbitrators were guilty of misconduct; or 4) where the arbitrators exceeded their powers. 9 U.S.C. § 10(a)(1)-(4); see also Frazier, 604 F.3d at 1321.[4] An arbitrator need not state the reasons for its award. Schmidt v. Finberg, 942 F.2d 1571, 1575 (11th Cir. 1991). Arbitration awards are presumed to be correct, and the burden is on the party requesting vacatur to rebut this presumption by asserting sufficient grounds to vacate the award. Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1223 (11th Cir. 2000).

The arbitration panel issued two Final Awards.[5] In the first Final Award dated August 22, 2009, the panel held that plaintiffs/claimants FAIRR and FASC were not entitled to recover from defendant/respondent Northbrook under any theory advanced. (Doc. 46-8 at 2-6.) In doing so, two members of the panel held that

> Based on all of the documentary evidence, depositions, and live testimony at the hearing, a majority of the Panel awards Northbrook its reasonable attorneys' fees in this arbitration. Northbrook shall submit its claim for attorneys' fees . . . [and]

---

[4] The Eleventh Circuit, in Frazier, held that three previously recognized non-statutory grounds for vacatur - that the arbitration decision was arbitrary and capricious, violated public policy, or evidenced manifest disregard for the law - are no longer viable, in light of the Supreme Court's decision in Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008). Frazier, 610 F.3d at 1321-24.

[5] The arbitration case was styled: In the Matter of the Arbitration Between First Automotive Service Corporation and First Automotive Insurance Risk Retention Group, Inc., Petitioners v. Northbrook Indemnity Company, Respondent. (Doc. 46-8.)

4

> FAIRR and FASC will have 15 days to object to the fees and
> costs sought by Northbrook. . . .

(Id. at 5.)[6] In the Final Award As To Attorneys' Fees And Costs dated September 26, 2009 (Doc. 46-8 at 7-9), the panel awarded Northbrook $458,430.42 in attorneys' fees, plus $63,380.80 in costs (reflecting plaintiffs'/claimants' share of the unpaid statements of the panel), for a total of $521,811.22. (Id.) In doing so, the arbitration panel stated:

> 1. The Panel finds that it has the authority to award attorneys' fees pursuant to the bad faith exception to the "American Rule." The Panel also finds that it has the authority to award attorneys' fees due to the parties' express waiver of the provisions of Section 682.11 of the Florida statutes in that, by their actions, filings, and submissions, the parties expressly waived their right to have only a court decide the issue of attorney's fees.
>
> 2. The Panel finds that the acts of First Automotive Service Corporation ("FASC") and First Automotive Insurance Risk Retention Group (FAIRR) (collectively the "Claimants") preceding and during litigation were such that an award of attorneys' fees to Northbrook is warranted.
>
> 3. Northbrook has submitted an Application for Attorneys' Fees and Claimants have not challenged the amount requested therein. Consequently, the Panel awards Northbrook its attorneys' fees in the amount of $458,430.42.

(Id. at 8.) The panel specified that FAIRR and FASC would be jointly and severally liable for the award. (Id. at 9.)

FAIRR and FASC challenge the arbitration panel's awards as being "procured by

---

[6] A third member of the panel dissented on the awarding of attorneys' fees to Northbrook "'as the petitioner was attempting to remedy a business dispute by means of arbitration, and could not have calculated the findings of this panel at the time of filing.'" (Doc. 46-8 at 5-6.)

Defendants' fraudulent misrepresentations as to First Colonial's stake in this matter" and "arbitrary and capricious." (Doc. 46 at 21-22.) Plaintiffs/claimants have adduced no basis for vacating the arbitration awards for either of these reasons.[7] Their only colorable argument relates to the arbitration panel's authority to award attorneys' fees to Northbrook, which they argue was "without any authority whatsoever." (Id. at 22.)

Arbitration of this matter was compelled pursuant to the FAA (Doc. 38; see also Case No. 3:07-cv-683-J-32JRK Docs. 1, 31, 44), which governed the arbitration proceedings. Florida law provides the substantive law considered by the arbitrators. (See Doc. 8 at 36 (Aggregate Excess of Loss Reinsurance Agreement, Art. XXIX).) The FAA "contains no exclusion of attorney's fees from the scope of arbitrable issues." Moeller v. Cassedy, 364 F. Supp.2d 1340, 1343 (N.D. Fla. 2005). The arbitration panel cited "the bad faith exception to the 'American Rule'" as the basis for its award of fees to Northbrook, and found that any right to have a court determine entitlement to attorneys' fees under Fla. Stat. 682.11 was "expressly waived" by the parties.

The parties dispute in their briefs to this Court whether the arbitration panel was empowered by Section 682.11, Florida Statutes to award attorney's fees to Northbrook. Under this provision, which is a part of the Florida Arbitration Code, the issue of attorney's fees is generally determined by a court upon confirmation or enforcement of an arbitration award because the determination of attorneys' fees is statutorily excluded from the arbitrators' authority. Moeller, 364 F. Supp.2d at 1342 (citing Fla. Stat. § 682.11).) The

---

[7] "Arbitrary and capricious," a judicially created basis for vacatur, is no longer available in the Eleventh Circuit. Frazier, 604 F.3d at 1314.

6

parties to an arbitration may, however, agree to submit the determination of attorney's fees to arbitration and waive the right to a judicial determination. Turnberry Assocs. v. Serv. Station Aid, Inc., 651 So.2d 1173, 1175 (Fla. 1995); Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143, 147-49 (Fla. 1st DCA 2000). In construing what constitutes a waiver of Section 682.11, Florida courts have held that "no 'express agreement' devoted exclusively to the question of attorney's fees is necessary, and the parties may, by their actions, filings, and submissions, expressly waive their right to insist that only a court decide the issue of attorney's fees." Cassedy, 751 So.2d at 149; see also Kostoff v. Fleet Secs., Inc., 506 F. Supp.2d 1150, 1160 (M.D. Fla. 2007).

Whether Fla. Stat. § 682.11 is even applicable to an arbitration brought pursuant to the FAA is unclear. See Hasson v. Western Reserve Life Assurance Co., No. 8:06-cv-523-T-23TBM, 2006 WL 2691723, at *4 n.13 (M.D. Fla. Sept. 19, 2006)(section 682.11 "arguably is not inconsistent with the FAA" and thus not preempted); Robert W. Baird & Co. v. SunAmerica Secs., Inc., 399 F. Supp.2d 1314 (M.D. Fla. 2005)("[s]ection 362.11 has been construed to limit arbitrators' ability to award attorney fees absent the parties' agreement. The FAA contains no limitation on an arbitrator's ability to award attorneys' fees"); Reves v. Ace Cash Express, Inc., 937 So.2d 1136, 1138 (Fla 2d DCA 2006)("[e]ven when the Federal Arbitration Act governs an arbitration, Florida law controls the award of attorney's fees"); Lee v. Smith Barney, Harris Upham & Co., 626 So.2d 969, 970-71 (Fla. 2d DCA 1993)(Section 682.11 is not preempted by the FAA which is silent on the issue of attorney's fees inasmuch as the two statutory schemes do not conflict). However, "regardless of whether the FAA or Florida law controls, the threshold issue is whether the parties agreed to have the panel

7

decide attorneys' fees." Robert W. Baird & Co., 399 F. Supp.2d at 1317; see also Marshall & Co. v Duke, 114 F.3d 188, 189-90 (11th Cir. 1997)(parties' agreement to submit the issue of attorney's fees and expenses to the panel supports arbitrability of the issue); Davis v. Prudential Secs., Inc., 59 F.3d 1186, 1194 (11th Cir. 1995)("an arbitrator 'can bind the parties only on issues that they have agreed to submit to him'" (citations omitted)).

The arbitration agreement between the parties states:

> . . . [I]f any differences shall arise between the contracting parties with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether arising before or after termination of this Agreement, such differences shall be submitted to arbitration upon the written request of one of the contracting parties.

(Doc. 8 at 30 (emphasis added).) Further, parties agreed that "[e]xcept as otherwise expressly provided herein," the agreement shall be "governed by and construed, interpreted and enforced in accordance with the laws of the State of Florida." (Id at 36 (emphasis added).)

The record confirms that both parties proceeded in accordance with the terms of their Reinsurance Agreement and agreed to submit the question of attorney's fees incurred in the arbitration proceedings to the arbitration panel. Plaintiffs/claimants FAIRR and FASC themselves sought attorney's fees pursuant to Section 627.428, Florida Statutes, which provides that a prevailing insured or beneficiary of an insurance policy or contract may recover attorney's fees from the insurer. (Doc. 47-4 at 6 (claimants' FAIRR and FASC's Demand for Arbitration and Claim seeking attorney's fees pursuant to Fla. Stat. § 627.428); see also Doc. 47-5 at 21 (Claimants' Arbitration Brief).) Northbrook argued before the

8

arbitration panel that FAIRR and FASC's bad conduct both before and during the arbitration litigation warranted imposition of fees, in accordance with Fla. Stat. § 57.105 (Doc. 60-3 at 68-71 ((Northbrook's Pre-Hearing Opening Brief), the panel's "inherent authority" (Doc. 46-7 at 88 (Arbitration Hearing Transcript at 1134-35 (Northbrook closing argument))), and under the "bad faith exception to the American Rule" governing attorney's fees. (Doc. 57-1 at 2 (Northbrook's Reply in Support of its Application fro Attorney's Fees).)[8] FAIRR and FASC, in turn, actively opposed the panel's award of attorney's fees to Northbrook. (Doc. 46-7 at 70 (Arbitration Hearing Transcript at 1064-65 (FAIRR and FASC closing argument)); Doc. 47-6 (Claimants' Objections To Respondent's Application For Attorneys' Fees).) Thus, the parties actively litigated the issue of entitlement to attorney's fees before the panel. Therefore, even if Fla. Stat. § 682.11 were applicable in this FAA governed arbitration, it is clear from the parties' arbitration agreement and the record that both sides agreed to submit the issue of attorneys' fees and costs to the arbitration panel and waived any right they may have had under Section 682.11 for a judicial determination. Powell v. Carey Int'l, Inc., 558 F. Supp.2d 1265, 1268-69 (S.D. Fla. 2008); Kostoff, 506 F. Supp.2d at 1160; Robert W. Baird & Co., 399 F. Supp.2d at 1318-20; Moeller, 364 F. Supp.2d at 1342; Marshall & Co. v. Duke, 941 F. Supp. 1207, 1213-15 (N.D. Ga. 1995), aff'd, 114 F.3d 188 (11th Cir. 1997);

---

[8] The Court rejects FAIRR and FASC's argument that the fact that Northbrook first argued the "bad faith exception to the American Rule" late in the arbitration proceedings when replying to their objections to the panel's determination that attorney's fees were due somehow undermines the panel's power to rely on this exception.

9

Cassedy, 751 So.2d at 149-50.[9]

The arbitration panel cited to "the bad faith exception to the 'American Rule'" as the basis for its award of fees in favor of Northbrook. Litigants in the United States must follow the so-called "American Rule" for attorneys' fees; a litigant cannot collect attorneys' fees from a losing party unless a statute or contract provides for the award, or the losing party willfully disobeyed a court order or brought suit in bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247, 257-60 (1975). "The bad faith exception to the

---

[9] FAIRR and FASC argue that under Turnberry, 651 So.2d at 1175, pursuant to Fla. Stat. § 682.11, there must be an "express waiver" of the right to have a court determine attorney's fees in an arbitration proceeding. (See Doc. 60 at 4-5 (citing Appelbaum v. Fayerman, 937 So.2d 282, 283-84 (Fla. 4th DCA 2006)("express waiver" requires an agreement in writing or an on-the-record stipulation waiving the right to a court determination of attorneys' fees in arbitration proceedings) and D.H. Blair & Co. v. Johnson, 697 So.2d 912, 914 (Fla. 4th DCA 1997)(finding no waiver where no "express agreement")).

Florida appellate decisions send conflicting signals as to how parties must "expressly waive" their right to a judicial determination of arbitration attorney's fees. Compare Appelbaum, supra, and Cassedy, 751 So.2d at 149 (holding that parties had waived their right to have a court decide attorney's fees because both parties had made their claims for attorney's fees in arbitration and had actively litigated the issue of entitlement to fees). "In the event a dispute arises, trial courts enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue." Powell v. Carey Int'l, Inc., 558 F. Supp.2d 1265, 1269 (S.D. Fla. 2008)(citing Turnberry, 651 So.2d at 1175). Here, FAIRR and FASC actively sought attorney's fees pursuant to Florida's insurance code in the arbitration, and it was not until the arbitration panel ruled that Northbrook was the prevailing party and was entitled to recover its fees that FAIRR and FASC raised the waiver requirement under Fla. Stat. 682.11. (See Doc. 47-6 at 2-4.) Never, prior to that time, did FAIR and FASC challenge Northbrook's request for fees as being beyond the arbitration panel's powers. Indeed, in its closing argument to the arbitration panel, FAIRR/FASC argued that Northbrook's request for "sanction fees" under Fla. Stat. § 57.105 could be "easily disposed of" because Northbrook failed to send a "safe harbor letter" as required by Fed. R. Civ. P. 11, which is the "equivalent" of section 57.105. (Doc. 46-7 at 70 (Arbitration Hearing Transcript at 1064-65).) In these circumstances, plaintiffs'/claimants' "new found position has the taint of disingenuousness." Powell, 558 F. Supp.2d at 1269.

10

American Rule is not limited to suits that are filed in bad faith. The exception also encompasses bad faith acts preceding and during litigation." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985). "Bad faith can serve as a basis for an attorney fee award in absence of contract or statute." Robert W. Baird & Co., 399 F. Supp.2d at 1319 n.5 (citing Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla. 1998)). This exception is recognized by Florida courts. Diaz v. Diaz, 826 So.2d 229, 231 (Fla. 2002).[10]

An arbitration panel has the power to award attorney's fees pursuant to this bad faith exception; "every judicial and quasi-judicial body has the right to award attorneys' fees under the common law bad faith exception to the 'American Rule.'" Marshall & Co., 114 F.3d at 189-90 ("the arbitrators have the power to award attorney's fees pursuant to the 'bad faith' exception to the American Rule that each party bears its own attorney's fees").

None of the statutory bases for vacatur or modification of the attorney fee award applies. FASC and FAIRR have not established that the award of attorney's fees was procured by corruption or undue means, that the arbitrators exceeded their powers, or that the arbitrators themselves were guilty of partiality, corruption or misconduct so as to warrant vacatur. 9 U.S.C. § 10. Further, the award is not subject to modification; the issue of attorney's fees was submitted to the panel, and plaintiffs have not contended that the award

---

[10] FAIRR and FASC, in a footnote, dismissed the arbitration panel's reliance upon the bad faith exception to the American Rule, stating that it "is not recognized in Florida jurisprudence." (Doc. 46 at 23 (citing Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1508 (11th Cir. 1985)).) Florida cases subsequent to the Amey decision establish that Florida indeed does recognize the bad faith exception to the American Rule. E.g. Diaz v. Diaz, 826 So.2d 229, 231 (Fla. 2002); Moakley v. Smallwood, 826 So.2d 221, 226-27 (Fla. 2002); Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla. 1998); Fla. Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1148 (Fla. 1985).

itself was miscalculated or imperfect as to form. 9 U.S.C. § 11. And, as stated, the arbitration panel had the authority to award Northbrook attorney's fees under the bad faith exception to the American Rule.

Both the arbitration panel's Final Award and the Final Award As To Attorneys' Fees And Costs are due to be confirmed. 9 U.S.C. § 9.[11]

### III. Motion for Sanctions

Northbrook asks this Court to sanction FAIRR and FASC under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 52.) In B.L. Harbert Int'l, LLC, supra, the Eleventh Circuit stated:

> Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions.

441 F.3d at 913. A losing party in arbitration may be subject to sanctions for bringing a motion to vacate that arbitration award "where there is no evidence to support nor any basis in law for the attack on the arbitration." Deitchman v. Bear Stearns Secs. Corp., No. 07-60465-CIV, 2007 WL 4592238, at *7 (S.D. Fla. Dec. 28, 2007)(citing B.L. Harbert Int'l, 441 F.3d at 913).

---

[11] Northbrook seeks to reduce the Fee Award of $521,811.22 by $33,637.69 to $488,173.83 to reflect the post-award payment of costs by FAIRR and FASC. (Doc. 48 at 2, 11-12.) FAIRR and FASC have lodged no objection to the proposed amendment. The Court "may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11. Cf. AIG Baker Sterling Heights, LLC, 508 F.3d at 999 ("a district court may modify or correct an arbitration award '[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award'" (quoting 9 U.S.C. § 11(a))).

While FAIRR and FASC's arguments seeking to vacate the Court's orders denying remand and compelling arbitration, and the arbitration panel's award on the merits of the underlying dispute were not meritorious, neither is the Court able to determine they were frivolous; moreover, their attack on the panel's decision to award $521,811.22 in attorneys' fees and costs raised colorable questions involving a less settled area of the law. Rule 11 sanctions are not appropriate.

Upon due consideration, it is hereby

**ORDERED**:

1. The Motion For Entry Of An Order Remanding This Action And Setting Aside Orders Denying Remand And Compelling Arbitration Or, Alternatively, Motion To Vacate Arbitration Awards (Doc. 46) is **DENIED**.

2. Defendant Northbrook Indemnity Company's Motion To Confirm Arbitration Awards (Doc. 48) is **GRANTED**.

3. Defendants' Motion For Sanctions Under Rule 11 Of The Federal Rules Of Civil Procedure (Doc. 51) is **DENIED**.

4. Defendants' Motion For Expedited Consideration Of Pending Motions (Doc. 53) is **MOOT**.

5. The Final Award, dated August 22, 2009 (Docs. 46-8 at 2-6), is **CONFIRMED**, and the Final Award As To Attorneys' Fees And Costs, dated September 26, 2009 (Docs. 46-8 at 7-9), is **CONFIRMED AS MODIFIED**, awarding a total of $488,173.83 for attorneys'

fees and costs, as modified to reflect payment of $33,637.69 in costs by FAIRR and FASC.[12]

6. The Court will enter Judgment in favor of Northbrook Indemnity Company and against First Automotive Service Corporation, N.M. and First Automotive Insurance Risk Retention Group, Inc., jointly and severally, in the amount of $488,173.83, plus interest at the applicable statutory rate.

9. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of June, 2010.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record

---

[12] Both awards are in the arbitration proceedings entitled in the matter styled In the Matter of the Arbitration Between First Automotive Service Corporation and First Automotive Insurance Risk Retention Group, Inc., Petitioners, v. Northbrook Indemnity Company, Respondent.